UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARROW CAGE                                    CIVIL ACTION

VERSUS                                         NO. 24-846

PROTECTIVE INSURANCE COMPANY, ET AL.           SECTION: "D" (5)

ORDER AND REASONS

Before the Court is a Motion to Strike Plaintiff's Untimely and Incomplete Expert Disclosures and Motion for Leave to Supplement Defendants' Witness and Exhibit List, filed by Defendants Gabriel Rivera-Alicea and CEVA Logistics U.S., Inc. ("Defendants").[1] Plaintiff Darrow Cage ("Plaintiff") Opposes the Motion,[2] and Defendants have filed a Reply.[3] After careful review of the parties' memoranda, the record, and the applicable law, the Court **DENIES** the Motion to Strike and **GRANTS** the Motion for Leave.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This suit arises out of a motor vehicle accident.[4] On January 23, 2023, Plaintiff was operating a 2023 GMC Sierra truck on Farrar Avenue in Jefferson Parish, Louisiana, when he was struck by a 2016 Freightliner operated by Gabriel Rivera-Alicea and owned by CEVA Logistics U.S., Inc.[5] Plaintiff allegedly suffered physical and mental injuries as a result of the accident.[6]

---

[1] R. Doc. 31.
[2] R. Doc. 33.
[3] R. Doc. 35.
[4] R. Doc. 1.
[5] R. Doc. 1-2.
[6] *Id.*

On September 23, 2025, the Court issued a Third Amended Scheduling Order (the "Scheduling Order") in this matter.[7] In pertinent part, the Scheduling Order provides as follows:

> Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs, shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than December 31, 2025. This deadline shall also apply to all expert disclosures, as defined by the Federal Rules of Civil Procedure 26(a)(2)(C).
>
> . . . .
>
> Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial and a list of all exhibits which may or will be used at trial no later than January 30, 2026 . . . .[8]

Plaintiff failed to provide his expert disclosures to Defendants by December 31, 2025.[9]

Plaintiff filed his Witness List and Exhibit list into the record on February 26, 2026.[10]

Giving rise to the instant Motion, Plaintiff listed the following individuals in his Witness List:

> 6. Dr. Pedro Romaguera / Louisiana Primary Care Consultants;
>
> 7. Dr. Timothy Finney / Southern Orthopaedic Specialists;
>
> 8. Dr. Stephanie Casey and/or representative of Doctors Imaging[.][11]

On March 18, 2026, Defendants filed the instant Motion to Strike Plaintiff's Untimely and Incomplete Expert Disclosures and Motion for Leave to Supplement

---

[7] R. Doc. 26.

[8] *Id.* at pp. 1–2.

[9] R. Doc. 31-1 at p. 3.

[10] R. Docs. 28 and 29.

[11] R. Doc. 29 at p. 1.

Defendants' Witness and Exhibit List.[12] In the Motion, Defendants seek to strike Dr. Pedro Romaguera, Dr. Timothy Finney, and Dr. Stephanie Casey as witnesses for Plaintiff.[13] In support of their Motion, Defendants provide as follows:

> Plaintiff failed to timely disclose the individuals he intends to call as witnesses at trial and failed to provide the disclosures required by the Scheduling Order, (R. 26), and Federal Rule of Civil Procedure 26(a)(2)(B) and (C). As such, witnesses 6, 7, and 8 on Plaintiff's witness list, (R. 29), should be struck in their entirety under Rule 37(c)(1) and prohibited from offering any testimony at trial or, alternatively, those witnesses should not be allowed to offer any testimony that would be of the nature and kind typically given by experts under Federal Rule of Evidence 702.

> Additionally, because Plaintiff did not disclose any expert witnesses on the deadline required by the Scheduling Order, Defendants did not disclose their expert witness on their previously filed Witness and Exhibit List (R. 27). In the event that Plaintiff's witnesses are not struck, Defendants respectfully request leave to supplement their witness list with their own expert pursuant to the attached Supplemental and Amended Witness and Exhibit List now that Plaintiff has filed his list of witnesses.[14]

Plaintiff has filed an Opposition.[15] Plaintiff concedes that he "did not file the witness list in a timely fashion."[16] Plaintiff nonetheless contends that "[t]hese doctors all were identified by plaintiff to the defendants when plaintiff forwarded to defendants his Rule 26(a) Initial Disclosures as required by the court[,]"and such Rule 26(a) Initial Disclosures were sent to Defendants on June 26, 2024, which identify the physicians and give a summary of their expected testimony.[17] Additionally, Plaintiff highlights that he "responded to discovery propounded by the defendants

---

[12] R. Doc. 31.
[13] R. Doc. 31-1.
[14] *Id.* at pp. 1–2.
[15] R. Doc. 33.
[16] *Id.* at p. 1.
[17] *Id.*

and identified these three (3) doctors as potential witnesses."[18] Plaintiff further submits that that he has provided medical records from all three doctors to the Defendants.[19] Therefore, Plaintiff argues that "[t]here is absolutely no prejudice to the defendants in this matter and no justification for striking these witnesses and not allowing them to testify at trial."[20] As a final point, Plaintiff voices "no objection to the amendment of defendants' witness and exhibit lists to add Dr. Estrada . . . ."[21] Thus, Plaintiff only argues that the Motion to Strike should be denied.[22]

Defendants, in Reply, assert that Plaintiff's initial disclosures, discovery responses, and medical records do not absolve Plaintiff's failure to make a Rule 26(a)(2)(C) expert witness disclosure.[23] Defendants contend that "[t]he prejudice to Defendants is clear. By withholding timely Rule 26(a)(2)(C) disclosures, Plaintiff deprived Defendants of the ability to evaluate the actual opinions to be offered, decide whether depositions were necessary, retain rebuttal experts if needed, and file targeted Daubert or motions in limine . . . ."[24] Additionally, Defendants aver that Plaintiff has failed to offer an adequate explanation for his failure to comply with Rule 26(a)(2)(C).[25] And if the Court declines to strike Plaintiff's witnesses, Defendants "renew their request for leave to supplement their witness and exhibit list to add Dr. Lance Estrada, the Independent Medical Examiner."[26] Therefore,

---

[18] *Id.* at p. 2.
[19] *Id.*
[20] *Id.* at p. 3.
[21] *Id.*
[22] *Id.*
[23] R. Doc. 35 at p. 3.
[24] *Id.*
[25] *Id.* at p. 4.
[26] *Id.* at p. 6.

Defendants argue that their Motion to Strike should be granted, or in the alternative, that their Motion for Leave should be granted.[27]

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure impose disclosure requirements upon proponents of expert testimony.[28]  Expert witnesses who are "retained or specially employed to provide expert testimony" must submit written reports.[29]  Treating physicians, however, are exempt from this reporting requirement.[30]  However, under Fed. R. Civ. P. 26(a)(2)(C), non-reporting expert witnesses must disclose: (1) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (2) a summary of the facts and opinions to which the witness is expected to testify.[31]  These disclosures must be made in accordance with the deadlines set in the court's scheduling orders or, absent a stipulation or a court order, at least 90 days before trial or within 30 days of the other party's disclosure when offered solely to rebut or contradict such evidence.[32]

According to the Fifth Circuit, "When a party fails to disclose information required by Federal Rule of Civil Procedure 26(a), the party is not allowed to use that information . . . to supply evidence on a motion . . . or at a trial, unless the failure was

---

[27] *Id.*
[28] Fed. R. Civ. P. 26.
[29] Fed. R. Civ. P. 26(a)(2)(B).
[30] Fed. R. Civ. P. 26, 1993 and 2010 Advisory Committee Notes; *Leggett v. Dolgencorp, LLC*, Civ. A. No. 16-17264, 2017 WL 4791183, at *1 (E.D. La. Oct. 24, 2017) (Vance, J.).
[31] *Rea v. Wisconsin Coach Lines, Inc.*, Civ. A. No. 12-1252, 2014 WL 4981803, at *3 (E.D. La. Oct. 3, 2014) (Duval, J.) (citing Fed. R. Civ. P. 26(a)(2)(C)).
[32] Fed. R. Civ. P. 26(a)(2)(D).

substantially justified or is harmless."[33]  Courts in this Circuit consider the following four factors in determining whether a failure to disclose was harmless or substantially justified: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure that prejudice.[34] The Fifth Circuit considers the same four factors when determining whether to exclude witnesses and exhibits as a sanction for violating a Rule 16 scheduling order.[35]

## III. ANALYSIS

Defendants seek to exclude treating physicians Dr. Pedro Romaguera, Dr. Timothy Finney, and Dr. Stephanie Casey as Plaintiff's witnesses.[36] Plaintiff, in turn, asserts that Defendants would not be prejudiced in allowing the named treating physicians to testify as Plaintiff's witnesses.[37] For the reasons set forth below, the Court finds that Plaintiff violated both Fed. R. Civ. P. 26(a)(2)(c) and the Court's

---

[33] *In re Complaint of C.F. Bean LLC*, 841 F.3d 365, 372 (5th Cir. 2016) (quoting Fed. R. Civ. P. 37(c)(1)) (internal quotation marks omitted).

[34] *Logan v. Westfield Ins. Co.*, Civ. A. No. 17-29, 2020 WL 412216, at *8 (E.D. La. Jan. 24, 2020) (Brown, C.J.) (quoting *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004)) (internal quotation marks omitted); *Hooks v. Nationwide Housing Sys., LLC*, Civ. A. No. 15-729, 2016 WL 3667134, at *3 (E.D. La. July 11, 2016) (Barbier, J.) (citing *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007)).  *See also Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

[35] *Williams v. American Strategic Ins. Corp.*, Civ. A. No. 13-5411, 2014 WL 1246846, at *1 (E.D. La. Mar. 25, 2014) (Africk, J.) (citing *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

[36] R. Doc. 31. The parties do not dispute that these three witnesses are treating physicians of Plaintiff. *See* R. Doc. 31-1 at p. 7 ("These witnesses, Dr. Pedro Romaguera, Dr. Timothy Finney, and Dr. Stephanie Casey, are Plaintiff's treating physicians."); R. Doc. 33 at p. 3 ("Obviously, the removal of these treating physicians, most especially Dr. Timothy Finney, from testimony at the trial of this matter would prevent plaintiff from presenting substantial evidence in support of his claim for damages.").

[37] R. Doc. 33.

Scheduling Order, but further finds that striking the treating physicians as witnesses is not warranted.[38]

### A. Plaintiff's disclosures do not satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(C).

Under the Court's Scheduling Order, Plaintiff's deadline to provide expert reports and expert disclosures under Rule 26(a)(2)(C) was December 31, 2025.[39] According to the parties and the evidence before the Court, Plaintiff provided Defendants with Rule 26(a) Initial Disclosures on June 26, 2024.[40] Additionally, Plaintiff provided discovery responses to Defendants in the form of medical records from "(1) Dr. Romaguera/Louisiana Primary Care Consultants (for treatment dated February 1, 2023 through June 21, 2023); (2) Dr. Stephanie Casey/Doctors Imaging (for treatment dated March 13, 2023); and (3) Dr. Timothy Finney / Southern Orthopaedic Specialsts [sic] (for treatment dated May 8, 2023 through August 14, 2024)."[41] Plaintiff further provided Defendants with updated medical records and

---

[38] Defendants argue, and the Court agrees, that Plaintiff has violated both Fed. R. Civ. P. 26 and the Court's Scheduling Order. Nevertheless, the Court's analysis folds into one. *See Williams*, 2014 WL 1246846, at * 1 ("When determining whether to exclude witnesses and exhibits as a sanction for a violation of a Rule 16 scheduling order, the United States Court of Appeals for the Fifth Circuit looks to the same factors as those described with respect to Rule 37 of the Federal Rules of Civil Procedure to determine whether the district court properly exercised its discretion."); Fed. R. Civ. P. 37(c)(1)("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

[39] R. Doc. 26 at p. 1. Additionally, under the Court's Scheduling Order, Plaintiff had until January 30, 2026 to file a witness list and an exhibit list. R. Doc. 26 at p. 2. Plaintiff, however, did not file his witness and exhibit lists until February 26, 2026. *See* R. Docs. 28 and 29. Because the Court's analysis of a Scheduling Order violation is identical to that of one for a Rule 26 violation, the Court only undergoes a Rule 26 violation analysis but notes *infra* that Plaintiff has also violated the Court's Scheduling Order. *See supra* note 38.

[40] R. Doc. 33 at p. 1; R. Doc. 33-1.

[41] R. Doc. 33 at p. 2 (citing R. Doc. 33-2).

bills from Dr. Timothy Finney on "November 20, 2024; January 27, 2025; February 13, 2025; April 1, 2025; May 28, 2025; August 1, 2025; and December 1, 2025[.]"[42]

The Court finds that Plaintiff's disclosures do not satisfy the requirements of Rule 26(a)(2)(C). As another Section of this Court found in *Hooks v. Nationwide Housing Systems, LLC*, the Court finds that Plaintiff has provided no information as to what his treating physicians intend to testify other than "about facts, data, and symptoms they observed in their patients during treatment."[43]  Thus, Plaintiff's Rule 26(a)(2)(C) expert disclosure "falls woefully short because it provides absolutely no detail about the causation opinions the treating physicians will provide nor does it summarize any facts upon which the treating physician will testify."[44]

Although Plaintiff argues that the medical records contain the bases for the opinions of his treating physicians, "disclosures consisting of medical records alone are insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)."[45]  While "Courts must take care against requiring undue detail" in Rule 26(a)(2)(C) disclosures, courts in this Circuit have made clear that the summary disclosure should, at the very least, provide an abstract, abridgement, or compendium of the opinion and facts supporting the opinion.[46]  Allowing Plaintiff to shift his burden to

---

[42] R. Doc. 33 at p. 2 (citing R. Doc. 33-3).

[43] *Hooks v. Nationwide Housing Systems, LLC*, Civ. A. No. 15-729, 2016 WL 3667134, at *4 (E.D. La. July 11, 2016) (Barbier, J.) (internal quotation marks omitted).

[44] *Logan v. Westfield Insurance Company*, Civ. A. No. 17-29, 2020 WL 412216, at *8 (E.D. La. Jan. 24, 2020).

[45] *Hooks*, Civ. A. No. 15-729, 2016 WL 3667134 at *5 (citing *Williams v. State*, Civ. A. No. 14-00154, 2015 WL 5438596, at *4 (M.D. La. Sept. 14, 2015) (Jackson, C.J.)).

[46] *Rea v. Wisconsin Coach Lines, Inc.*, Civ. A. No. 12-1252, 2014 WL 4981803, at *5 (E.D. La. Oct. 3, 2014) (quoting Fed. R. Civ. P. 26, 2010 Advisory Committee Notes) (internal quotation marks omitted); *See Logan*, Civ. A. No. 17-29, 2020 WL 412216 at *7 & 8 (quoting Fed. R. Civ. P. 26, 2010 Advisory Committee Notes; *Rea*, Civ. A. No. 12-1252, 2014 WL 4981803 at *5); *Hooks*, Civ. A. No. 15-729, 2016 WL 3667134 at *5 ("This Court has explained that courts must take care against requiring undue

provide Rule 26(a)(2)(C) disclosures by providing Defendants with his medical records would make Rule 26(a)(2)(C) meaningless. Plaintiff's disclosures fall well below the Rule 26(a)(2)(C) standard, as they do not provide a summary of the facts and opinions to which his treating physicians are expected to testify. Accordingly, the Court finds that Plaintiff has violated Rule 26(a)(2)(C) and the Scheduling Order.[47]

### B. Plaintiff's failure to comply with Rule 26(a)(2)(C) and the Court's Scheduling Order, while serious, in this matter is harmless.

The Court now turns to whether the expert opinions of Plaintiff's medical providers should be excluded at trial under Rule 37(c) for Plaintiff's failure to comply with Rule 26(a)(2)(C).  As explained above, the Fifth Circuit has instructed courts to consider the following factors in determining whether Plaintiff's failure to comply with Rule 26(a)(2)(C) was harmless or substantially justified:  "'(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.'"[48] The Court takes each factor in turn.

#### 1. Importance of the evidence

The first factor, the importance of the evidence, weighs against striking Plaintiff's witnesses. Defendants contend that "[w]hile the testimony of the witnesses sought to be excluded is important to the Plaintiff, permitting these witnesses to

---

detail in Rule 26(a)(2)(C) disclosures.") (quoting *Anders v. Hercules Offshore Servs., LLC*, 311 F.R.D. 161, 164 (E.D. La. 2015)) (internal quotation marks omitted).

[47] R. Doc. 26 at p. 1 ("Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs, shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than December 31, 2025. This deadline shall also apply to all expert disclosures, as defined by the Federal Rules of Civil Procedure 26(a)(2)(C).").

[48] *Bailey v. Shell Western E&P, Inc.*, 609 F.3d 710, 729 (5th Cir. 2010)(quoting *Texas A & M Research Found. v. Magna Transp.*, 338 F.3d 394, 402 (5th Cir. 2003)).

testify at trial would result in substantial prejudice to Defendants given the advanced stage of the litigation."[49] Plaintiff emphasizes that "the removal of these treating physicians, most especially Dr. Timothy Finney, from testimony at the trial of this matter would prevent plaintiff from presenting substantial evidence in support of his claim for damages."[50] The Court agrees with Plaintiff.

In this personal injury suit, the nature and extent of Plaintiff's injuries are fundamental to his case, and the testimony of Plaintiff's treating physicians is essential to prove the nature and extent of his injuries. Dr. Pedro Romaguera, Dr. Timothy Finney, and Dr. Stephanie Casey have collectively provided three years of medical treatment to the Plaintiff.[51] Defendants acknowledge the importance of the treating physicians as witnesses as well.[52] Excluding these witnesses would severely limit Plaintiff's ability to provide important medical evidence. Accordingly, the Court finds that this factor weighs in Plaintiff's favor.

### 2. Prejudice to Defendants

The second factor – the prejudice to the opposing party by including the evidence – is neutral. Defendants argue that the potential prejudice to them is high, as "[t]rial is two months away and the first time any witnesses have ever been formally disclosed was nearly a month *after* the expert deadline passed, and just three days before discovery closed."[53] Plaintiff, in turn, contends that "under the

---

[49] R. Doc. 31-1 at p. 8.
[50] R. Doc. 33 at p. 3.
[51] *See id.* at p. 2.
[52] R. Doc. 31-1 at p. 8.
[53] *Id.* (emphasis original).

circumstances of this case, where there has been full disclosure of the witnesses and the nature of their testimony, not to mention provision of periodic expert reports, there can be no prejudice to the defendants in this matter."[54]

The Court agrees that allowing Plaintiff's medical providers to offer expert causation testimony at trial would ordinarily prejudice Defendants as Plaintiff has failed to comply with the "formal" Rule 26 disclosure requirements. Although Plaintiff's disclosures fall woefully short of the requirements imposed by Rule 26(a)(2)(C), the Court finds that Plaintiff's piecemeal disclosures placed Defendants on notice that the treating physicians intended to testify as to medical causation based upon their treatment of Plaintiff.[55] Defendants concede as much when they argue that Plaintiff failed to "formally" disclose the witnesses.[56] Defendants do not dispute that they have been provided with all of Plaintiff's medical records, nor do they dispute that Plaintiff has sought,[57] and been granted,[58] three continuances without opposition from Defendants based on Plaintiff's continued medical treatment by his named treating physicians.[59]

To be clear, the Court does not in any way give Plaintiff "a pass" for his failure to comply with the Court's Order and the law. Instead, the Court is only acknowledging that, thankfully for Plaintiff, Defendants suffered little or no

---

[54] R. Doc. 33 at p. 3.
[55] *See* R. Doc. 33-1 at p. 3, ¶¶ 5–7.
[56] *See* R. Doc. 31-1 at p. 8.
[57] *See* R. Docs. 14, 19, and 23. Plaintiff's Motions to Continue also included specific references to the treating physicians and included as exhibits some of the treating physician's medical records regarding Plaintiff.
[58] *See* R. Docs. 16, 20, and 24.
[59] *See* R. Doc. 35.

prejudice as a result of his non-compliance. To the extent that Defendants potentially suffered any prejudice, and as explained below, the Court grants Defendants' request to supplement their witness list, thereby eliminating any remaining prejudice to Defendants. Therefore, this factor is neutral.[60]

### 3. Whether a continuance could cure any prejudice

The third factor, whether a continuance could cure the minimal prejudice to Defendants, weighs in Plaintiff's favor.  Defendants allege that the "the availability of a continuance to cure such prejudice weighs in favor of exclusion. The case has been continued three times before, and the Court should decline to do so again where a party failed to comply with the Court's deadlines and Rule 26(a)."[61] Plaintiff does not address this factor.[62]

Defendants sought a continuance via their request to "be given leave to add Dr. Estrada as a witness."[63] The Court grants such request, allowing Defendants to cure any prejudice arising from Plaintiff's failure to comply with Rule 26(a)(2)(C). Therefore, this factor is neutral or favors Plaintiff.

---

[60] Defendants argue that they are prejudiced because that by the time Plaintiff filed his witness list, "the deadlines for expert disclosures, discovery, and trial preparation were already expiring or had expired, leaving Defendants with no fair opportunity to evaluate the proposed testimony, conduct meaningful discovery, retain rebuttal experts, or prepare appropriate motions." R. Doc. 35 at p. 5. The Court notes, however, that Defendants have not sought any relief, such as a request to extend the discovery deadline, from the Court as of the date of this Order and Reasons. The Court therefore gives minimal credence to Defendants' argument.

[61] R. Doc. 31-1 at pp. 8–9.

[62] *See* R. Doc. 33.

[63] R. Doc. 31-1 at p. 9.

*4. Explanation for Plaintiff's failure to disclose*

The fourth and final factor, the explanation for Plaintiff's failure to disclose, weighs in Defendants' favor. Defendants assert that Plaintiff "does not provide [a] sufficient explanation for missing the disclosure deadline, missing the witness-list deadline, and never serving Rule 26(a)(2)(C) summaries."[64] Plaintiff does not address this factor and merely states that "[a]dmittedly, deadlines set by the court should and must be respected."[65] The Court finds that this factor favors granting Defendants' Motion to Strike, as Plaintiff has failed to offer any explanation whatsoever for his failure to comply with Rule 26(a)(2)(c) and the Scheduling Order.

Based on the above four-factor analysis, the Court finds that a majority of the factors weigh in favor of finding that Plaintiff's Rule 26(a)(2)(C) violation is harmless so as to allow Plaintiff's treating physicians to offer expert testimony at trial. The Court therefore denies Defendants' Motion to Strike Plaintiff's Untimely and Incomplete Expert Disclosures. However, the Court finds that good cause exists to grant Defendants' Motion for Leave to Supplement their Witness and Exhibit list.

**IV. CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike Plaintiff's Untimely and Incomplete Expert Disclosures and Motion for Leave to Supplement

---

[64] R. Doc. 35 at p. 4.
[65] R. Doc. 33 at p. 3.

Defendants' Witness and Exhibit List[66] is **GRANTED IN PART** and **DENIED IN PART.**

      **IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiff's Untimely and Incomplete Expert Disclosures is **DENIED.**

      **IT IS FURTHER ORDERED** that Defendants' Motion for Leave to Supplement Defendants' Witness and Exhibit List is **GRANTED.** The Clerk's Office is directed to file Defendants' Supplemental and Amended Witness and Exhibit List[67] into the record.

      New Orleans, Louisiana, April 8, 2026.

                              **WENDY B. VITTER**
                              **United States District Judge**

---

[66] R. Doc. 31.

[67] R. Doc. 31-3.